UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NILESHKUMARQ PRAVINBHAI PATEL,<br>        Petitioner,<br><br>v.<br><br>ANTONE MONIZ et al.,<br>        Respondents. | Civil No. 25-13312-LTS |

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

November 14, 2025

SOROKIN, J.

Nileshkumarq Pravinbhai Patel, a citizen of India who is presently in immigration detention, seeks a writ of habeas corpus under 28 U.S.C. § 2241. His petition is ALLOWED as described below.

Sometime before March 2012, Patel entered the United States without being admitted or paroled by an immigration officer. Doc. No. 1 ¶¶ 1, 3, 11; Doc. No. 7-1 ¶¶ 6–8. By 2025, Patel was living in Connecticut. Doc. No. 1 ¶ 2. In April 2025, he was arrested by local police in Norwalk, Connecticut, and charged with drug-trafficking offenses which remain pending in state court. Doc. No. 7-1 ¶ 9. A few months later, he encountered Immigration and Customs Enforcement ("ICE") officers outside his home. Doc. No. 1 ¶ 2. The ICE officers arrested Patel and simultaneously issued a "Form I-200, Warrant for Arrest"—a standard document which contains language invoking 8 U.S.C. § 1226—and a "Form I-860, Notice and Order of Expedited Removal"—another standard document which invokes 8 U.S.C. § 1225. Doc. No. 7-1 ¶¶ 10, 12. Although Patel asserted a fear of returning to India, an interviewer from U.S. Citizenship and Immigration Services found his claim was not credible, and an immigration judge ("IJ") later

agreed. Id. ¶¶ 13, 15. At the time of his arrest and these initial actions by ICE, Patel had been continuously present in the United States for far longer than two years.

Ten days after he was arrested, Patel requested a custody redetermination before an IJ. Id. ¶ 14. A bond proceeding was scheduled, but the IJ "denied bond finding that [Patel] is subject to mandatory detention." Id.

Meanwhile, a federal judge sitting in the District of Columbia issued a decision that caused the respondents to alter their approach to Patel's removal. The underlying lawsuit challenged guidance issued in January of this year through which "the Government departed from [its] longstanding practice" of invoking expedited removal only with respect to noncitizens encountered at or near the border by "expand[ing] the scope of expedited removal to noncitizens apprehended anywhere in the United States." Make the Road N.Y. v. Noem, No. 25-cv-190, 2025 WL 2494908, at *1 (D.D.C. Aug. 29, 2025). Finding the plaintiffs had shown that all of the traditional factors governing injunctive relief favored them, the judge in that case stayed (under the Administrative Procedure Act) agency guidance through which the change in expedited removal policy had been announced and implemented. Id. at *22–23.

"In compliance with" that stay, ICE vacated Patel's expedited removal notice on October 23, 2025, by issuing a Notice to Appear and initiating full removal proceedings in immigration court. Doc. No. 7-1 ¶¶ 16–17. Patel, who remains in immigration detention at Plymouth County Correctional Facility, instituted this action two weeks after ICE's change of course by filing a federal habeas petition challenging his continued detention. Doc. No. 1.

The petition presents a core issue of statutory construction that is one this Court has evaluated and resolved in other recent cases. See, e.g., Order, Garcia v. Hyde, No. 25-cv-11513-LTS (D. Mass. July 14, 2025), ECF No. 21; Order, Encarnacion v. Moniz, No. 25-cv-12237-LTS

2

(D. Mass. Sept. 5, 2025), ECF No. 16.  The respondents have filed an abbreviated answer to the petition reflecting their recognition of this fact.[1]  They "concede" that the Court's decisions in Garcia and Encarnacion, should the Court adhere to them, "would likely" lead to "the same result"—a decision granting Patel relief—here.  Doc. No. 7 at 5.  Though they continue to disagree with the Court's analysis of the relevant detention statutes, they incorporate their earlier briefing and suggest that no further argument is necessary before the Court renders a decision.  Id. at 2, 6.

The Court adheres to its prior reasoning, as described in the cases the respondents cite, and concludes in light of the respondents' submission that Patel is not subject to mandatory detention under 8 U.S.C. § 1225(b).  See, e.g., Oliveira Gomes v. Hyde, No. 25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025); Romero v. Hyde, No. 25-cv-11631-BEM, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025) (collecting cases from different districts reaching same conclusion).  He is therefore entitled to habeas relief.

Accordingly, the Court hereby ALLOWS the petition and ORDERS as follows: 1) the respondents shall release Patel unless he is provided a bond hearing under 8 U.S.C. § 1226(a) within seven days of this Order;[2] and 2) the respondents shall not retaliate against the petitioner in the context of the bond hearing or otherwise for filing this habeas petition.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

---

[1] The Court appreciates the respondents' development of the factual record concerning Patel's immigration status, especially given the sparse nature of the petition's allegations in this regard, and their efficient filing of a prompt and helpful answer.

[2] At the hearing, the government will have the burden of either proving by clear and convincing evidence that the petitioner poses a danger to the community, or proving by a preponderance of the evidence that he is a flight risk.  Hernandez-Lara v. Lyons, 10 F.4th 19, 42 (1st Cir. 2021).